UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00060-LLK

SARAH E. McCORMACK                                                                    PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner terminating her receipt of Social Security disability benefits, effective March 1, 2013. The fact and law summaries of the parties are at Dockets # 13 and 18. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 11.) The matter is ripe for determination.

Because the Administrative Law Judge ("ALJ's") denial of Plaintiff's request for a supplemental hearing violated HALLEX procedure and Due Process, the Court will REMAND this matter to the Commissioner for a new decision and further administrative proceedings.

## Background facts and procedural history

Plaintiff was born in 1986, and, in 1997, the Commissioner awarded her childhood disability benefits due to mental impairment. [Administrative Record ("AR") at 23, 1155.] In March 2013, the Social Security Administration terminated her benefits, finding that her disability ceased, effective March 2013. [AR at 34.]

In February 2017, the ALJ conducted the administrative hearing. [Hearing transcript, AR at 43-66.] Plaintiff represented herself. [AR at 45.] The ALJ admitted Exhibits # 1A through 26F into the administrative record. [AR at 51.] The ALJ informed Plaintiff that he was trying to obtain additional medical records but had not yet received them. [AR at 50-51.]

1

After the hearing, the ALJ successfully obtained additional evidence. As required by internal agency (HALLEX) rules, the ALJ sent Plaintiff a so-called "proffer" letter dated April 19, 2017. Plaintiff appended a copy of the ALJ's proffer letter to her fact and law summary at Docket # 13-1. *See* Social Security Administration, Office of Hearings and Appeals, Litigation Law Manual (HALLEX) I-2-7-1, 1993 WL 751906 ("post-hearing evidence -- when proffer is required"), HALLEX I-2-7-30, 1993 WL 643048 ("proffer procedures"). The letter explained that the ALJ had "secured additional evidence that I propose to enter into the record" and that the ALJ was giving Plaintiff a 10-day opportunity to review, comment on, respond to, object to, refute, or make legal argument regarding the new, enclosed post-hearing evidence. (Docket # 13-1.) The letter identified the new evidence as consisting of Exhibits # 27F through 41F. (*Id.*)

On or about April 27, 2017, Plaintiff obtained (on her own initiative) and submitted to the ALJ additional evidence, Exhibits # 42F, 43F, and 44F. [AR at 1152-1167.] The Administration noted that "I called [Plaintiff] and confirmed that she is the one that mailed in the new medical evidence, so these items will not need to be proffered" to Plaintiff. [AR at 268.][1]

In July 2017, the ALJ issued the Commissioner's final decision. [AR at 23-34.] The ALJ acknowledged that the administrative record had been supplemented to include additional post-hearing evidence -- some of which the ALJ obtained and proffered to Plaintiff (Exhibits # 27F through 41F) and some of which Plaintiff obtained and submitted to the ALJ (Exhibits # 42F, 43F, and 44F). [AR at 30.]

The ALJ affirmed the prior termination of benefits (effective March 1, 2013) and further found that Plaintiff "has not become disabled again since [March 1, 2013]." [AR at 34.]

**The ALJ's denial of Plaintiff's request for a supplemental hearing
violated the requirements of HALLEX I-2-7-1 and HALLEX I-2-7-30.**

The ALJ's proffer letter conditionally offered Plaintiff a supplemental hearing -- the condition being that, if Plaintiff requested the hearing, the ALJ would determine whether the hearing was required:

---

[1] Consistent with the Administration's note, HALLEX I-2-7-1 provides that "[a]n ALJ will not proffer post-hearing evidence when … [t]he evidence was submitted by the claimant."

> You may request a supplemental hearing. However, you will not be eligible for a supplemental hearing if:
>
> I admit non-opinion evidence into the record but do not cite to or otherwise rely on the additional evidence when making a finding; or
>
> The evidence is of a nature that has no significant impact on the outcome or processing of your claim (e.g., medical treatment for a common ailment that I reasonably find is unrelated to your impairment(s)).
>
> … Unless I determine that you are eligible for a supplemental hearing, I will then enter the new evidence in the record and issue my decision.

(Docket # 13-1.)

Plaintiff requested a supplemental hearing, and the ALJ denied the request in his written decision terminating benefits. The denial was based on a finding that a supplemental hearing was not required:

> [W]ith additional information that she submitted at the hearing, the undersigned was able to obtain additional medical evidence that has been properly proffered and made a part of the record; and the undersigned has additionally considered other medical evidence submitted by the claimant (Exs. 27F-44F). However, she has since quested a supplemental hearing due to the new records; but the undersigned denies this request, noting that she did not voice any actual concerns regard the accuracy or legitimacy of any of the newly obtained records.

[AR at 30.]

Plaintiff argues that the ALJ erred in denying her request for a supplemental hearing.

HALLEX I-2-7-1 contemplates (assumes) that an ALJ's proffer letter to a claimant will either unconditionally offer or not offer a supplemental hearing. HALLEX I-2-7-1 identifies the circumstances in which an ALJ <u>must</u> extend such an (unconditional) offer. HALLEX I-2-7-30, in turn, provides that "[i]f the ALJ offered the opportunity for a supplemental hearing with proffered evidence and the claimant requests a supplemental hearing, the ALJ must grant the request unless the ALJ has already decided to issue a fully favorable decision." HALLEX I-2-7-30. "The ALJ must grant the request even if the opportunity for a supplemental hearing was offered by mistake." Id.

The ALJ's denial of Plaintiff's request for a supplemental hearing violated the requirements of HALLEX I-2-7-30 because Plaintiff's request was denied in connection with a fully <u>unfavorable</u> decision.

3

Additionally, the ALJ's conditional offer violated HALLEX I-2-7-1, which required an unconditionally offer. HALLEX I-2-7-1 identifies only two exceptions to the general rule of conducting supplemental hearings upon request, and neither applies in this case:

> … an ALJ will offer the claimant the opportunity for a supplemental hearing unless:
>
> • The ALJ admits non-opinion evidence into the record but does not cite to or otherwise rely on the additional evidence when making a finding; or
>
> • The evidence is of a nature that it has no significant impact on the outcome or processing of the claim (e.g., medical treatment for a common ailment that the ALJ reasonably finds is unrelated to the claimant's impairment(s)).

HALLEX I-2-7-1.[2] The ALJ's decision extensively "cite[d] to and otherwise rel[ied] on the additional evidence," HALLEX I-2-7-1, at Exhibits # 27F through 41F in support of the ALJ's finding of a non-disabling mental impairment. [AR at 26, 29, 30, 31, 32.] The evidence had a "significant impact on the outcome" of Plaintiff's claim. HALLEX I-2-7-1. Therefore, the ALJ's extension to Plaintiff of only a conditional offer of a supplemental hearing violated the requirements of HALLEX I-2-7-1.

**The ALJ's denial of Plaintiff's request for a supplemental hearing violated Due Process.**

A HALLEX violation alone does not constitute a Due Process violation. *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397-98 (6th Cir. 2008). For the reasons below, however, the facts of this case rise to the level of a Due Process violation.

"Due Process requires that a social security hearing be 'full and fair.'" *Adams v. Comm'r*, 55 F. App'x 279, 286 (6th Cir. 2003) (quoting *Flatford v. Sec'y of Health & Human Services*, 93 F.3d 1296, 1305 (6th Cir. 1996)). This requirement calls for a reviewing court to consider the risk of error associated with "the procedure used [by the ALJ], and the probable value, if any, of additional or substitute procedural safeguards." *Id.* In this case, the procedure used by the ALJ was to issue a denial decision without affording Plaintiff an opportunity to comment and argue on the evidence; the additional safeguard would

---

[2] The ALJ's proffer letter reflects this language from HALLEX I-2-7-1. (Docket # 13-1.)

have been to conduct a supplemental hearing (at which Plaintiff could have commented and argued); and the risk associated with the ALJ's procedure is that the ALJ may have "seen" the evidence differently.

While it did not specifically apply the *Flatford* test, the Sixth Circuit has recognized that an ALJ's having denied a claimant the opportunity to "review or rebut [a post-hearing] supplemental report … violated [the claimant's] due process rights." *Watkins v. Sec'y of Health & Human Services*, No. 93-1363, 1993 WL 393075, at *2 (6th Cir. 1993).

In *Gaines v. Comm'r*, No. 1:12-CV-276, 2013 WL 4494966 (E.D. Tenn. Aug. 20, 2013), the District Court applied the *Flatford* test and determined that the ALJ's failure to proffer post-hearing evidence to Gaines resulted in sufficient risk of improper denial of Gaines' disability claim to establish a Due Process violation. If given a full and fair opportunity to do so, there was a reasonable probability that Gaines "would have responded to this new evidence, making many of the same arguments made herein [on judicial review]." *Id.* at *10. While Gaines "has an opportunity now [upon judicial review of the ALJ's decision] to comment on [the new evidence], now is not the time." *Id.* at *9. A fundamental requirement of Due Process is "the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

From a Due Process standpoint, it is important that claimants be given a full and fair opportunity to review all of the evidence, comment on the evidence, and argue how the law applies to the facts.[3] The need to comment and argue was arguably even greater in this case because Plaintiff was representing herself without the benefit of counsel. While the ALJ's proffer letter extended a 10-day opportunity to review, comment, and argue, it simultaneously stated that "[y]ou may request a supplemental hearing." (Docket # 13-1.) In requesting a supplemental hearing, the pro-se Plaintiff may reasonably have believed that the ALJ was offering her an opportunity to comment and argue orally at a hearing rather than formally in writing.

---

[3] The need to comment and argue is distinct from the need to cross examine.

Even if the ALJ's offer to comment and argue (within 10 days) satisfied Due Process with respect to the proffered evidence (Exhibits # 27F through 41F), the proffer letter was silent on the issues of whether and how Plaintiff would be afforded an opportunity to comment and argue with respect to the evidence she obtained and submitted (Exhibits # 42F, 43F, 44F). For example, Plaintiff submitted notes from her treating psychiatrist, Mrinal Mullick, taken during her December 2015 psychiatric hospitalization. [Exhibit # 43F, AR at 1155-57.] The pro-se Plaintiff may reasonably have assumed that she would be able to comment and argue the significance of Dr. Mullick's notes at a supplemental hearing.[4]

A remand for a new decision and further administrative proceedings is required because the ALJ's denial of Plaintiff's request for a supplemental hearing violated Due Process.[5]

**Order**

Because the ALJ's denial of Plaintiff's request for a supplemental hearing violated HALLEX procedure and Due Process, this matter is hereby REMANDED to the Commissioner for a supplemental hearing, a new decision, and any further proceedings deemed necessary and appropriate by the Commissioner.

March 13, 2019

**Lanny King, Magistrate Judge
United States District Court**

---

[4] Additionally, if the ALJ had scheduled the requested supplemental hearing, Plaintiff may have obtained counsel (perhaps present counsel) to assist her at the hearing.

[5] The Court does not reach Plaintiff's final argument that the ALJ's mental residual functional capacity (RFC) finding was not supported by substantial evidence in light of the findings [Exhibit # 43F, AR at 1155-57] of the treating psychiatrist, Dr. Mullick, and the findings [AR at 480-84] of the Commissioner's own one-time examining consultant, Christopher Catt, Psy.D. (Docket # 13 at 4-5). Given the Due Process error, it is immaterial whether the ALJ's RFC finding is supported by the evidence "as is." The issue is whether, given an opportunity to comment and argue regarding the significance of the evidence at a supplemental hearing, Plaintiff might have convinced the ALJ to "see" the evidence differently and find that she is more limited.